# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LARRY DAVID DAVIS**                                                                                           **PETITIONER**

**V.**                               **NO. 4:20-CV-01441-JM-ERE**

**DEXTER PAYNE, Director**
**Arkansas Division of Correction**                                                     **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.     BACKGROUND**

Petitioner Larry David Davis, an inmate at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. *Doc. 1*. In Pulaski County, Arkansas, a jury convicted Mr.

Davis of commercial burglary and breaking or entering.[1] He was sentenced, as a habitual offender, to a 45-year prison term.

In his direct appeal, Mr. Davis made one argument: The trial court erred by not dismissing the case based on a Sixth Amendment speedy trial violation. The Arkansas Court of Appeals rejected the argument, holding that there is no "Sixth Amendment speedy-trial right due to pre-indictment or pre-arrest delay." *Davis v. State of Arkansas*, No. CR.-19-484 (Ark. App. Feb. 19, 2020).[2]

On April 17, 2020, Mr. Davis filed a Rule 37 petition for postconviction relief in the trial court. In the petition, he asserted: (1) ineffective assistance of counsel; (2) actual innocence; (3) speedy trial violation; (4) insufficient evidence; (5) defective warrant and felony information; (6) improper comments during closing argument; (7) and illegal arrest. *Doc. 10-4*. On April 29, 2020, the court denied the

---

[1] *State v. Davis*, Pulaski County Circuit Court, No. 60CR-2018-2636. The Court construes Mr. Davis' habeas petition in this case as challenging *only* his conviction in No. 60CR-2018-2636. However, as Respondent points out, Mr. Davis also makes some allegations that relate to an entirely *different* criminal case, *State v. Davis*, Pulaski County Circuit Court, No. 60CR-2018-2635. Response to Petition, *Doc. 10 at p. 3, n.1*. However, when he initiated this habeas proceeding, Mr. Davis was still pursuing post-conviction relief in connection with No. 60CR-2018-2635 before the Arkansas Court of Appeals; that case was only recently resolved. See *Davis v. State*, No. CR-20-486 (Ark. App. May 5, 2021). In addition, Mr. Davis filed another habeas Petition seeking relief related to the conviction in No. 60CR-2018-2635. See *Davis v. Payne*, E.D. Ark. No. 4:21-CV-00462-KGB.

[2] The record reflects that although warrants for Mr. Davis' arrest issued in May of 2017, Mr. Davis was already in custody awaiting trial on other charges, for which he was later convicted and sentenced to a term in the ADC. A "hold" was placed on the warrants, and the felony information charging Mr. Davis with the offenses in this case was not filed until July of 2018. See *Davis v. State of Arkansas*, No. CR.-19-484 (Ark. App. Feb. 19, 2020) at *1.

petition. *Doc. 10-5*. Mr. Davis failed to timely appeal the denial of Rule 37 relief, and the Arkansas Court of Appeals denied his motion for a belated appeal. *Doc. 10-6*.

On December 10, 2020, Mr. Davis filed the § 2254 habeas petition now before the Court. *Doc. 2*. He also has filed two amended petitions. *Docs. 6, 9*. He asserts the following trial court errors: (1) speedy trial violation; (2) insufficient evidence for a conviction; (3) prosecutorial misconduct because of improper comments in closing; (4) defective warrant. Mr. Davis also asserts the following ineffective assistance of counsel claims: (1) failure to seek dismissal based on a speedy trial violation; (2) failure to challenge sufficiency of the evidence on appeal; (3) failure to object to the prosecutor's comments in closing; (4) failure to raise the prosecutorial misconduct on appeal; (5) failure to raise the defective warrant issue before trial or on appeal; and (6) failure to raise an ineffective assistance argument on appeal. *Id*.

On January 19, 2021, Respondent filed a response arguing that Mr. Davis' claims should be denied because the speedy trial claim was correctly adjudicated

and the remaining claims are procedurally defaulted.[3] On February 8, 2021, Mr. Davis filed a reply brief.[4] *Doc. 11*.

## II. DISCUSSION

### A. The Arkansas Court of Appeals Correctly Rejected the Speedy Trial Claim

The speedy trial issue was fairly presented to the state court and is properly before the Court for habeas review. A doubly deferential standard of review, imposed by 28 U.S.C. § 2254(d),[5] controls this Court's merits review of the speedy trial claim.

On direct appeal, Mr. Davis argued that "[d]espite knowing that [Mr.] Davis was in custody in Arkansas, the Jacksonville Police department intentionally delayed service of the arrest warrants until [Mr.] Davis was released from incarceration." *Doc. 10-2*. The Arkansas Court of Appeals rejected his argument, based on its holding that delay in being indicted or arrested does not trigger a speedy trial right

---

[3] *Doc. 10.*

[4] In his reply brief, Mr. Davis disputes the accuracy of the transcript of the prosecutor's closing argument at trial. Because any issue about improper comments in closing is procedurally defaulted, this issue does not need to be resolved.

[5] A writ of habeas corpus cannot be granted unless an inmate can show that the state court decision: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

under the Sixth Amendment. That ruling was correct, so Mr. Davis cannot meet his burden.

"[T]he speedy trial right should be triggered at 'the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date he was held to answer.'" *United States v. Stead*, 745 F.2d 1170, 1172 (8th Cir. 1984) (quoting *United States v. Marion*, 404 U.S. at 321 n.12 (1971)). It is undisputed that, before being served with the warrant in this case, Mr. Davis was in custody on unrelated charges. The fact that the authorities delayed serving the warrant until Mr. Dennis was released on those unrelated charges is irrelevant to the speedy trial analysis. Accordingly, Mr. Davis cannot demonstrate that this decision involved an unreasonable application of federal law.

### B.   Mr. Davis' Remaining Claims Are Procedurally Defaulted

Respondent contends that Mr. Davis' remaining claims are procedurally defaulted. The Court agrees.

Before filing a § 2254 habeas petition, a state inmate must "fairly present" the substance of each federal habeas claim at the state court level. *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has

exhausted the remedies available in the courts of the State"); *Perry v. Kemna*, 356 F.3d 880, 886 (8th Cir. 2004) ("To avoid a procedural default, a habeas petitioner must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'"); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997) ("[B]oth the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review.").

When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Murphy*, 652 F.3d at 849. Federal review of procedurally defaulted claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

All of Mr. Davis' trial error claims, other than the speedy trial act claim, are procedurally defaulted because he failed to raise each claim at trial *and* on direct appeal. Ineffective assistance of counsel may be "cause" to excuse a procedurally defaulted trial error claim. However, a claim of ineffective assistance must be presented to the state courts as an independent claim *before* it can be used to establish

cause for a procedurally defaulted trial error claim. *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002) (citing *Murray v. Carrier*, 477 U.S. 478, 481-81 (1986)). For the reasons explained below, all of Mr. Davis' ineffective assistance of counsel claims are also procedurally defaulted.

To exhaust his Rule 37 ineffective assistance of counsel claims, Mr. Davis was required to raise those claims with the trial court and then appeal its denial of relief to the appellate court. *Armstrong v. Iowa*, 418 F.3d 924, 925-26 (8th Cir. 2005). Although Mr. Davis raised some version of most of his ineffective assistance arguments in his Rule 37 petition, he failed to appeal the denial of that petition, and the time to do so has expired. Thus, all of the claims he asserted in the Rule 37 petition are procedurally defaulted.

In addition, Mr. Davis cannot rely on the equitable exception created by *Martinez v. Ryan*[6] to save these claims from procedural default. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (recognizing *Martinez* is not applicable to excuse default of ineffective assistance claims that were litigated in an initial review post-conviction proceeding, but not preserved in the post-conviction appeal).

In his habeas petition, Mr. Davis raises, for the first time, the claim that his counsel was constitutionally ineffective for failing to argue, before trial, that the arrest warrant was defective. Because this issue was not presented in Mr. Davis's

---

[6] 566 U.S. 1 (2012).

Rule 37 petition, it is potentially subject to the equitable exception created by *Martinez* to excuse the claim from default. However, for the *Martinez* exception to apply, Mr. Davis must show that this claim: (1) has "some merit;" and (2) is supported by at least some facts. *Martinez*, 566 U.S. at 14.

In rejecting Mr. Davis' Sixth Amendment speedy trial challenge, the Arkansas Court of Appeals recognized that "delay prior to arrest or indictment may give rise to a due-process claim under the Fifth Amendment." *Davis v. State of Arkansas*, No. CR.-19-484 (Ark. App. Feb. 19, 2020) at *3. However, it did not address this question because it was not asserted on appeal. Mr. Davis' filings are vague as to whether he is asserting a claim under the Fifth Amendment. Assuming he intends to base his ineffective assistance claim on his counsel's failure to challenge the warrant under the Fifth Amendment, Mr. Davis has failed to show that this claim has "some merit." Mr. Davis fails to provide any facts or legal authority to demonstrate that the delay in serving the warrant violated his constitutional rights and that he was prejudiced by his attorney's failure to make this argument.[7] Thus, this claim is not substantial.

---

[7] A pre-arrest or pre-indictment delay is "primarily protected" by statutes of limitation, with the Fifth Amendment Due Process Clause also having a "limited role to play in protecting against oppressive delay." *United States v. Lovasco,* 431 U.S. 783, 789 (1977). A Fifth Amendment claim requires a showing of bad faith or extreme prejudice. *United States v. Eight Thousand Eight Hundred and Fifty Dollars,* 461 U.S. 555, 563 (1983). "[A] defendant must overcome a high hurdle when contending that a pre-indictment delay that does not violate the statute of limitations is violative of the due process clause." *United States v. Jackson,* 446 F.3d

Mr. Davis also includes in his habeas petition three ineffective assistance of *appellate* counsel claims that he failed to include in his Rule 37 petition: (1) failure to argue prosecutorial misconduct; (2) failure to argue the defective warrant issue; and (3) failure to present an ineffective assistance argument. However, these claims are also procedurally defaulted, and the *Martinez* equitable exception does not apply to "defaulted claims of ineffective assistance of appellate counsel." *Davila v. Davis*, 137 S. Ct. 2058, 2069 (2017).

Mr. Davis offers no argument to excuse his procedural default. He cannot rely on his ignorance as a ground for excusing his procedural default. Under well-established law, a *pro se* litigant is still charged with knowing the law relevant to his habeas claims, and he cannot fault others for "misinforming" him about the law. See *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004).

Accordingly, Mr. Davis' procedural default bars this Court from considering the merits of his remaining trial error and ineffective assistance of counsel claims.

---

847, 849 (8th Cir. 2006). Mr. Davis fails to make a showing of either bad faith or extreme prejudice. !

## III.   CONCLUSION

For the reasons set out above, it is RECOMMENDED that:

1.   Petitioner Larry David Davis' § 2254 Petition for Writ of Habeas Corpus (*Doc. 1*) and Amended Petitions (*Docs. 6 & 9*) be DISMISSED with prejudice.

2.   A Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 25th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE